**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chelsea Walsh, | No. CV-21-01956-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Safeco Insurance Company of America, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons, the Motion will be granted.

**I.  BACKGROUND**

Plaintiff Chelsea Walsh had an auto insurance policy with Defendant Safeco Insurance Company that included underinsured motorist coverage. (Doc. 1-4 ¶ 2). On July 16, 2018, she was involved in a motor vehicle collision caused by a third party. (Doc. 1-4 ¶¶ 7). She alleges that as a result, she suffered physical injuries requiring medical treatment and incurred general damages arising out of pain and suffering. (Doc. 1-4 ¶¶ 8–9).

The third party's insurance policy, under which Plaintiff was paid $100,000, did not fully compensate Plaintiff for her injuries, medical expenses, and general damages, so on January 29, 2020, Plaintiff made a claim with Defendant for underinsured motorist benefits. (Doc. 1-4 ¶¶ 10–11). Plaintiff alleges that a mutual adjuster told her she was entitled to benefits, but then that adjuster was replaced and Defendant denied her claim.

(Doc. 1-4 ¶ 12, 23–25). On March 3, 2020, Plaintiff demanded arbitration pursuant to her insurance policy, which Plaintiff alleges Defendant unreasonably delayed for a year, apparently based on its choice of arbitrator.[1] (Doc. 1-4 ¶¶ 13–17). The arbitration panel eventually awarded Plaintiff $50,000 in benefits from her underinsured motorist coverage. (Doc. 1-4 ¶¶ 18–19).

On October 14, 2021, Plaintiff filed a Complaint (Doc. 1-4) in Maricopa County Superior Court alleging one count, breach of the duty of good faith and fair dealing, against Defendant Safeco Insurance Company and unknown entities. Plaintiff alleges that Defendant failed to give equal consideration to her claim, forced her into litigation, and deprived her of the full benefit of the insurance contract. (Doc. 1-4 ¶¶ 22, 26–27). Plaintiff seeks special damages, general damages, punitive damages, and costs. (Doc. 1-4 at 6–7).

On November 17, 2021, Defendant filed a Petition for Removal (Doc. 1) to this Court, alleging that the Court has diversity jurisdiction. On November 23, 2021, Plaintiff filed her Motion to Remand (Doc. 5), which has been fully briefed (Docs. 7, 8).

**II.   LEGAL STANDARD**

Federal courts may exercise removal jurisdiction over a case only if subject-matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of establishing subject-matter jurisdiction as a basis for removal by a preponderance of the evidence. *Id.* at 1117; *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). To satisfy this burden under 28 U.S.C. § 1441, the removing party must demonstrate that jurisdiction existed at the time of removal. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009). There is a "strong presumption against removal jurisdiction," which "must be

---

[1] The exact factual circumstances of this delay in arbitration are unclear from the record. Plaintiff's Complaint alleges that "[o]n May 28, 2020 [Defendant] appointed their choice of arbitrator, Larry Sharlot" but that on March 5, 2021, "Mr. Sharlot advised he was not appointed as an arbitrator by [Defendant]." Defendant then appointed a new arbitrator that day. (Doc. 1-4 ¶¶ 14–17).

2

rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka,* 599 F.3d 1102, 1107 (9th Cir. 2010) (internal quotation marks omitted).

Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and the case is between citizens of different states. *See* 28 U.S.C. § 1332(a). In a situation where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled . . . [t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount" by providing "evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (internal citations and alterations omitted). The amount in controversy is "the amount at stake in the underlying litigation," including compensatory damages, punitive damages, and attorneys' fees awards under fee-shifting statutes, but excluding interests and costs. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644 (9th Cir. 2016). A court may look outside the face of the complaint to determine the amount in controversy when it is not stated with specificity in the complaint. *Valdez*, 372 F.3d at 1117. This means that courts may consider allegations made in the notice of removal as well as "summary-judgment-type evidence." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

The parties do not dispute that complete diversity exists, so the only issue is whether the amount-in-controversy requirement under 28 U.S.C. § 1332(a) is met. Plaintiff's Complaint does not specifically state an amount in controversy (Doc. 1-4), so the operative question is whether Defendant has shown that it is more likely than not that the amount in controversy exceeds $75,000. Defendant offers three pieces of evidence that it argues demonstrate that Plaintiff's claims exceed the jurisdictional amount: (1) Plaintiff designated her case as "Tier 2" and certified that it was not subject to compulsory arbitration in state court; (2) Plaintiff refused to stipulate that the damages in

her case are less than $75,000; and (3) jury verdicts in similar cases in Arizona have exceeded $75,000.

### a. State Court Filings

Plaintiff's Complaint states, "Pursuant to [Arizona] Rule [of Civil Procedure] 26.2(c)(3), the damages sought in this case qualify it as a Tier 2 case." That rule provides that the "Tier 2" designation applies to actions claiming more than $50,000 and less than $300,000 in damages. Similarly, Plaintiff certified in state court that the case is not subject to compulsory arbitration. (Doc. 1-4 at 16). Arizona Rule of Civil Procedure 72(b) provides that cases filed in state court must be submitted to arbitration if the monetary damages sought fall below a jurisdictional threshold set by the court's local rules. In Maricopa County Superior Court, the threshold is $50,000, pursuant to Local Rule 3.10.

Plaintiff's state court filings "do nothing more than show Plaintiff['s] claims are likely worth more than $50,000," which is still less than the jurisdictional requirement for federal court. *Dobos v. Am. Strategic Ins. Corp.*, No. CV-20-02094-PHX-JJT, 2021 WL 2708905, at *3 (D. Ariz. July 1, 2021). While Plaintiff's valuation of the case at more than $50,000 "is some evidence of the amount in controversy," it does little to convince the Court that it is more likely than not that the amount in controversy exceeds $75,000. *Anderson v. Liberty Mut. Ins. Co.*, No. CV-20-00612-PHX-JJT, 2020 WL 4814261, at *2 (D. Ariz. Aug. 18, 2020).

### b. Refusal to Stipulate

Defendant's Petition for Removal states that on November 10, 2021, Defendant's counsel attempted to obtain a stipulation that the amount of damages was less than $75,000, but Plaintiff's counsel refused. (Doc. 1 ¶ 18). Courts in this District have routinely held that a plaintiff's refusal to stipulate provides little, if any, evidence of the amount in controversy. *See, e.g.*, *Paliwoda v. Metro. Life Ins. Co.*, No. CV-05-0233 PHXJAT, 2005 WL 5672339, at *3 (D. Ariz. June 5, 2005) ("To [consider Plaintiff's refusal to stipulate] would improperly shift the burden to Plaintiff to prove amount in

controversy when it is well settled that the burden lies squarely with Defendant."); *Walton v. GEICO Cas. Co.*, No. CV-19-05555-PHX-JJT, 2019 WL 7184451, at *4 (D. Ariz. Dec. 26, 2019) ("Plaintiff's refusal to stipulate to a damages cap of $75,000 is not dispositive of an amount in controversy exceeding that sum."); *Anderson*, 2020 WL 4814261, at *2 ("While the fact that Plaintiffs took no position as to Defendant's offer certainly does not help Plaintiffs' cause, it is also not strong evidence—particularly by itself—that the amount in controversy exceeds $75,000 either."). The Court thus finds that this argument, too, carries little weight.

### c. Bad-Faith and Punitive Damages

Finally, Defendant argues that Arizona juries have awarded plaintiffs in similar insurance bad-faith cases more than $75,000 in compensatory and punitive damages. The Court agrees with Plaintiff, however, that Defendant has failed to show sufficient factual similarities to this case for those verdicts to provide persuasive evidence that the value of this case more likely than not exceeds $75,000.

Defendant's citation to *Williamson v. Safety National Casualty Corporation*, 2016 WL 7049112 (Ariz. Super. Ct. Oct. 14, 2016), "is simply a $1,000,000 jury verdict for a bad faith claim without any background facts." *Anderson*, 2020 WL 4814261, at *2. The facts in *Sobieski v. American Standard Insurance Company of Wisconsin*, 2013 WL 5881640 (Ariz. Super. Ct. Sept. 30, 2013), are significantly distinct from the facts here in that *Sobieski* involved an uninsured motorist claim, meaning the plaintiff did not receive any compensation at all for the personal injuries he sustained during the 1.4 years that the defendant insurance company refused to pay him $100,000 in policy benefits. In *Kilduff v. Farm Bureau Mutual Insurance Company*, 2012 WL 6085334 (Ariz. Super. Ct. Aug. 24, 2012), the $2,750,000 verdict included $1,000,000 in damages for breach of contract (which Plaintiff does not allege in this case), and the case involved the insurance company's refusal to pay a $1,000,000 underinsured motorist claim—a far cry from the $50,000 owed to Plaintiff. While these cases provide some evidence that the amount in controversy in this case may be greater than $75,000, they fall well short of showing that

it is more likely than not.

The rest of the verdicts Defendant cites were in cases involving theft, vehicle damage, or property damage insurance claims rather than underinsured motorist claims seeking compensation for injuries, medical expenses, and general damages arising from pain and suffering. *See Straub v. Infinity Ins.*, 2019 WL 2408889 (Ariz. Super. Ct. Jan. 31, 2019); *Preciado v. Young Am. Ins. Co.*, 2015 WL 5770212 (Ariz. Super. Ct. May 18, 2015); *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 277 P.3d 789, 809 (Ariz. Ct. App. 2012); *Steele v. Am. Fam. Mut. Ins. Co.*, 2008 WL 6090680 (Ariz. Super. Ct. Dec. 19, 2008); *Melancon v. USAA Cas. Ins. Co.*, 849 P.2d 1374, 1375 (Ariz. Ct. App. 1992); *Filasky v. Preferred Risk Mut. Ins. Co.*, 734 P.2d 76, 77–78 (Ariz. 1987). Thus, "[n]one of the cases are reliable evidence of the amount in controversy in the present matter." *Anderson*, 2020 WL 4814261, at *2.

Ultimately, then, while Defendant has provided some evidence that Plaintiff's damages, if her case is successful, may exceed $75,000, it has failed to meet its burden to demonstrate by a *preponderance* of the evidence that the case meets the jurisdictional threshold. The Court cannot conclude that it is more likely than not that the amount in controversy is greater than $75,000. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 5) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **remand** this action to the Maricopa County Superior Court and **terminate** this case.

Dated this 16th day of December, 2021.

Honorable Steven P. Logan
United States District Judge